ERIC J. LUNDELL, District Attorney, St. Croix County
Your predecessor asked whether the requirements of a municipal subdivision control ordinance, adopted pursuant to sec. 236.45, Stats., which is applicable within the municipality's "extraterritorial plat approval jurisdiction," control over more restrictive county subdivision control ordinance provisions, also adopted under the statutory authority contained in sec. 236.45, Stats.
Section 236.02 (2), Stats., defines "extraterritorial plat approval jurisdiction" to mean "the unincorporated area within 3 miles of the corporate limits of a first, second or third class city, or 1 1/2 miles of a fourth class city or a village."
Assuming that the specific ordinance provisions adopted by the municipality and the county are otherwise valid, the answer to this *Page 104 
general question is obviously controlled by the provisions of sec. 236.13 (4), Stats., which reads:
 "(4) Where more than one governing body or other agency has authority to approve or to object to a plat and the requirements of such bodies or agencies are conflicting, the plat shall comply with the most restrictive requirements."[1]
This subsection is intended to safeguard the rights of the subdivider by eliminating delays in plat approval occasioned by conflicting plat requirements. As stated in the 1955 Report ofthe Wisconsin Legislative Council (Vol. IV, Subdivision and Platting of Land), which recommended the adoption of sec. 236.13
(4), Stats:
 "A subdivider sometimes finds himself caught between the conflicting requirements of more than one agency whose requirements must be met in order to entitle his plat to record. At present he has no recourse except to try to work out a compromise between the agencies. One subdivider complained to the advisory committee that he had the approval of a plat delayed a year while the town board and the city council attempted to settle their differences on requirements. The committee proposal will provide a statutory standard for settling these conflicts so that the subdivider can proceed without too much delay. It is also legislative recognition of the fact that these conflicts should not be a burden on the subdivider." 1955 Report, p. 20.
Section 236.13 (4), Stats., does not conflict with sec. 236.45
(3), Stats. The latter statute simply states that a municipal subdivision control ordinance enacted under the authority of sec.236.45, Stats., may apply within the municipality's extraterritorial plat approval jurisdiction as well as within its corporate limits, and the statute is not intended to contravene or negate the provisions of sec. 236.13 (4), Stats. I find nothing on the face of these two statutory provisions suggesting any necessary conflict between them. In fact, the compatibility of these two statutory provisions is specifically recognized in the legislative council note to proposed sec. 236.45 (3), *Page 105 
as appended in bill form to the 1955 Report, supra. The subsection then read essentially as subsequently enacted and as appears in the present statutes. That note read, in part, as follows:
 "Under sub. (3) the subdivision regulations apply in any area where the municipality, town or county has the right to approve or object to plats. It must be remembered that under s. 236.13 where those regulations conflict, the more restrictive apply. . . ."
Your predecessor also requested my opinion as to whether a municipal subdivision control ordinance must contain a specific provision making it applicable to the municipality's "extraterritorial plat approval jurisdiction" before the municipality may apply its ordinance extraterritorially.
The answer to this question is no.
Section 236.10 (1)(b)2., Stats., provides:
 "(1) To entitle a final plat of a subdivision to be recorded, it shall have the approval of the following in accordance with the provisions of s. 236.12:
"***
 "(b) If within the extraterritorial plat approval jurisdiction of a municipality:
"***
 "2. The governing body of the municipality if, by July 1, 1958, or thereafter it adopts a subdivision ordinance or an official map; and . . . ." (Emphasis added.)
The foregoing statute, read with sec. 236.45 (3), Stats., indicates that once a municipality adopts a subdivision control ordinance any plat within the extraterritorial plat approval jurisdiction of the municipality is controlled by such ordinance and must be approved by the municipality. However, sec. 236.10
(5), Stats., provides that a municipality may waive its statutory authority in this regard partially or totally and may subsequently rescind any such waiver. That subsection provides in part:
 "(5) Any municipality may waive its right to approve plats within any portion of its extraterritorial plat approval *Page 106 
jurisdiction by a resolution of the governing body filed with the register of deeds . . . ."
In light of the foregoing, it is evident that a municipal subdivision control ordinance, enacted under sec. 236.45, Stats., automatically applies within the extraterritorial plat approval jurisdiction of the enacting municipality. In order to waive part or all of this statutory grant, the governing body must take appropriate legislative action.
BCL:JCM
[1] The application of sec. 236.13 (4), Stats., to "competing" county and municipal ordinance provisions has been previously discussed in 61 OAG 289 (1972), 62 OAG 315 (1973) and 64 OAG 175 (1975).